THE GERMANIA BUILDING AND LOAN ASSOCIATION, respondent,

*v.*

B. FRANKEL REALTY COMPANY et al., appellants.

[Submitted July 6th, 1914.    Decided March 1st, 1915.]

A mortgage was given to a building and loan association for money to be advanced as the building progressed; there was no agreement as to the time when advances should be made; after certain amounts had been advanced, the mortgagor gave an assignment of a portion of the remaining sum secured by the mortgage; the mortgagor failed to complete the building, and after the assignment conveyed the property to creditors in trust; they completed the building, and, upon a bill to foreclose, filed a cross-bill seeking to have a decree that money which had been paid by the association to the assignee, be paid to them to reimburse them for

the cost of completing the building.—*Held*, that the equity of the assignee, which was prior in time could not be superseded by the equity asserted by the grantees to have the money applied to the completion of the building.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Emery, whose opinion is reported in *82 N. J. Eq. 49.*

*Mr. Charles B. Gurney* and *Mr. Frank E. Bradner,* for the respondent.

*Mr. Hugo Woerner,* for the appellants.

The opinion of the court was delivered by

SWAYZE, J.

The facts of the case are fully stated in the vice-chancellor's opinion. *82 N. J. Eq. 49.* It would be unnecessary to add anything but for a possible misunderstanding of some language in the opinion.

We do not think it necessary to consider whether the building and loan association was under an obligation to advance any money in addition to the $5,000 actually advanced prior to the payment of the order held by Schneider, until the building was fully completed. In the absence of an agreement as to the time when the advancement should be made, it might be necessary for the building and loan association to withhold further advances until it was assured that its mortgage would cover a completed structure. The case does not require the determination of these questions, since the building was in fact completed, and both parties, by their pleadings, conceded that the building and loan association was under an obligation to advance the full amount called for. The appellants abandoned any right they might have to terminate the contract and to insist that the mortgage is good only for the $5,000 that had been advanced before this controversy arose.

The question in the case, therefore, is not the equity of the purchaser of the land to redeem by paying off the amount actu-

ally advanced, but is the question dealt with by the vice-chancellor, namely, whether the equity of Schneider, which was prior in point of time, could be superseded by the equity asserted by the appellants to have the money applied to the completion of the building. As the vice-chancellor pointed out, the ordinary rule would give Schneider the priority. It could only be supplanted upon proof of a special equity on the part of the purchaser of the land which would make it necessary for the building and loan association, in every case, to see to the application of its advancements. There is nothing in the case to indicate that there is such an equity. There is no contract to that effect and both parties had treated the case as one where the money advanced by the building and loan association might be applied, not merely to the expenses incurred in constructing the building, but to any other debts to which the mortgagor might see fit to apply it.

The decree must be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER, WILLIAMS —14.

*For reversal*—None.